IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02893-REB-MEH

MATTHEW R. HANNON,

     Plaintiff,

v.

GSS ENTERPRISES, LLC, a Delaware limited liability company,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Matthew R. Hannon ("Hannon"), by and though his attorney Bruce Smith of Darling Milligan Smith & Lesch, PC, and GSS Enterprises, LLC, a Delaware limited liability company ("GSS") by and through its attorneys, Margaret Parnell Hogan and Oliver J. McKinstry of Littler Mendelson, P.C., stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, states as follows:

1.    In this action, at least one of the Parties has sought, is seeking, and/or wishes to rely on Confidential Information (as defined in paragraph 2 below). The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court to enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.    "Confidential Information" means any document, file, portion/s of files, transcribed

testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below which may include but is not limited, the following types of information:

a.        Documents, information, and communication related in any way to third party personnel information;

b.        Non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case);

c.        Confidential medical information, including medical records;

d.        Personal data concerning Plaintiff and/or third party personnel, including financial information; and

e.        Tax returns.

f.        Any other material qualifying for protection under Federal Rule of Civil Procedure Rule 26(c).

No document or information shall be deemed confidential under this Order if it was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses it during the normal course of business and not in violation of this Order.

3.        As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4.        Confidential documents, materials, and/or information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.      attorneys employed by the firms representing each party in this case;

b.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.      the parties, and designated representatives for the entity defendant;

d.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.      the Court and its employees ("Court Personnel");

f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.      deponents, witnesses, or potential witnesses; and

h.      other persons by written agreement of the parties.

5.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.      By imprinting the word "Confidential" on each page of any document produced or giving written notice so designating it within 10 days after production;

b.      By imprinting the word "Confidential" next to or above any response to a discovery request or giving written notice so designating such response within 10 days after service; and

c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

6.      All Confidential Information provided by a Party shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8.      The Party's counsel who discloses Confidential Information shall be responsible for obtaining compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.      During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11.     During the pendency of this litigation, counsel shall retain custody of Confidential

Information and copies made there from pursuant to paragraph 10 above.

12.     If opposing counsel objects to the designation of certain information as Confidential Information he shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, it shall be the obligation of the party designating the information as "Confidential Information" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion shall be filed within fourteen (14) days of receiving notice of a Party's written objection to the designation.  If such a motion is timely filed, the disputed information shall be treated as "Confidential Information" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" in accordance with the terms of the Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Confidential Information" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential Information."

13.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.  The Parties agree to move to restrict access to Confidential Information and to any Court proceedings in which Confidential Information is disclosed.  The Parties agree that access to Confidential Information should be limited to the parties and the court, and therefore, that any motion to restrict access to Confidential Information will identify "Level 1" as the restriction

level sought.   Access to Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be restricted or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to restrict access to the documents.  Any motion requesting leave to restrict access to documents shall comply with the requirements of District Court of Colorado Local Civil Rule 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602 (1978) (applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).  Nothing in this Order shall preclude any Confidential Information from being used as evidence by either party in this civil action.  Confidential Information may be used during trial to the extent permitted by the Federal Rules of Evidence.

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made there from or provide the producing party or provide verification that any of counsel's work product referencing Confidential Information has been destroyed.  Except that counsel for the Parties shall be permitted to retain court filings, deposition transcripts, exhibits, and work product that contain Confidential Information or references thereto; provided that such counsel, and employees of such counsel shall

not disclose such retained materials to any person nor use such retained materials for any purpose unrelated to this action except pursuant to court order or agreement with the Producing Party. In addition, the Parties, their Counsel, and experts for a Party shall not be required to return or to destroy any Confidential Information to the extent prohibited by law or to the extent such Confidential Information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information is not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

17.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated and entered at Denver, Colorado, this 26th day of January, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED BY:

*s/Bruce G. Smith*
Bruce G. Smith
Darling Milligan Smith & Lesch, PC
1331 17th Street, Suite 800
Denver, CO 80202
bsmith@dmsl-law.com

ATTORNEY FOR MATTHEW R. HANNON

*s/Oliver J. McKinstry*
Margaret Parnell Hogan
Oliver J. McKinstry
Littler Mendelson, PC
1900 16th Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
mphogan@littler.com
omckinstry@littler.com

ATTORNEYS FOR GSS ENTERPRISES, LLC, A
DELAWARE COMPANY.